Mr. Newman v. JPMorgan Chase Bank, N.A. May it please the Court, Daniel Schlanger for Appellant Sarah Newman. Appellant lost her life savings of $47,000 to thieves who drained her savings account via ACH, and when her bank, Chase, refused to reimburse the majority of those funds, she brought suit for violation of two separate provisions of the Electronic Funds Transfer Act. The first provision, 1693G, shifts the risk of loss for unauthorized transfers to the bank. The second, 1693F, provides procedural rules for all kinds of disputes, including errors of this nature, and requires that the bank conduct a reasonable investigation within 45 days. The district court dismissed the action in its entirety, but its opinion did not reference or analyze 1693G at all. And ultimately, your client was made whole, even though not on the timetable she would have preferred. Is that right? She was reimbursed during the action, which would be outside the safe harbor provided by the statute. And specifically, the safe harbor is found at 1693M, subsection E, and states that a bank can escape liability from 1693G if, prior to the institution of an action, it pays all actual damages. Now, here, it's undisputed that the bank did not do that. It paid some of the money after issue had been joined three months into the litigation, which was after an answer had been filed, after a joint scheduling order had been put in, and it repaid the rest of the money several months after that. And I want to just point out in that regard, Your Honor, that Chase acknowledges now, and this is on page 40 and 41 of its brief, that it is clear that the bona fide error defense would not ultimately excuse a financial institution from reimbursing a consumer and that the bank would be required to reimburse the customer for the remainder of the transfer. But none of this is relevant here because plaintiff was fully reimbursed. But that was done outside the safe harbor. And so what we have, before we get into whether errors involving the subjective evaluation of evidence during that initial investigation can insulate a financial institution. Your description of it is the initial investigation. The issue that I have is that you're separating of your claim into, it seems an artificial separation of your claim to say, well, this is the bona fide error only applies to the section, subsection F portion of our claim, but not the G. And when you have a single claim for wrongful either authorization or failure to reimburse, however you'd like to characterize it, but it's a single claim. And the idea that, well, really there's two parts in the bona fide error defense only applies to F and not G. I guess if you could tease out for me your reasoning for saying that the defense doesn't apply to this. So section 1693F is aimed at investigations. And it dings you with treble damages if you conduct an unreasonable one. And Your Honor is correct that we are saying, and it is the case, that 1693 is a separate provision of the statute with a separate obligation, which is that, and 1693G is clear about this, but if the bank can't meet its burden at trial in the action of showing that the transfer was authorized, which nobody thinks the bank can do here, then you have all your rights under 1693G. And let me just point out in that regard that the official commentary, I mean, it's clear in the statute, I think, as well, but the official commentary discusses this. And the relevant excerpt is on page 10 of our reply brief and says that it will sometimes be the case, and in my experience it's often the case, that some transactions will be subject to 1693G but not subject to 1693F. But the conduct here that you're alleging was wrongful is the same conduct. So we're down to the application of the particular provision. I'm struggling with how I reconcile two footnotes that you have. One is footnote one of your opening brief on page two where you say, Appellant does not appeal the district court's dismissal of her claims pursuant to 1693F. So you're not challenging the district court's finding of a bona fide error. And then when your opponents point that out, you say in your reply brief, footnote 13, that Chase asserts that Appellant's opening brief does not challenge the district court's factual findings regarding bona fide error. That is decidedly incorrect. So how do I reconcile those two footnotes? Because in your opening brief, you're saying we're not challenging the factual finding of a bona fide error. And then in your reply brief, you say you are. So I struggle with that. Can you help me understand how those are done? I will do my best. Okay. So the question with a bona fide error is, is the particular procedure at issue here reasonably adapted to avoid the particular error alleged? Right? So that's the inquiry in any bona fide error case. And so a procedure can be adapted to avoid an error with regard to conducting a reasonable investigation, but not adapted with regard to ensuring that at the end of the day, the consumer gets their money back any time the bank can't meet its burden. But isn't that a direct result of what the investigation is? I guess that goes back to the idea of the way you're splitting these apart, that you don't have a problem with the investigation, but still they should be liable. But if the rule is, if there's a proper investigation and it's a bona fide error, then there's not liability. Sure. So let me, I think the record in this case provides a pretty good example of why these are separate things. The record in this case is that during this investigation, the ultimate reason for rejection, and this is in the record at A-518, was we, meaning the bank, we are not able to prove true fraud occurred. That's in the, there's a note called resolution, and it describes why they're rejecting the claim. And that's why they're rejecting the claim, because the bank can't prove that true fraud occurred. In those same notes, it notes that there's red flags and green flags, but says ultimately we can't prove that fraud occurred. So that, for under G, that's improper. That's the wrong standard under G. So it may be that all the things the bank did, you know, would be reasonable under F, but that investigation would not comply to G. I would also just point out that we didn't, that the entire issue of subjective evaluations of evidence is outside what is covered properly under the bona fide error under German. I mean, German, the Supreme Court held that mistakes of law were not covered, because the bona fide error exception in the identical provision in the FDCPA was aimed at mechanical and strictly linear procedures, not something as subjective as a mistake of law. And the same exact thing is true here, which is that, which is that the evaluation, subjective, well, there's a bunch of factors, and you make a judgment call. That was the language in the district court's opinion, and there's a lot of references in the various briefs since the Court of Chase that, you know, it's an art, not a science, essentially. That sort of subjective judgment call regarding multiple factors where you just do your best, that's not the promise that's made. It's not properly subject to the bona fide error rule under German in all of the cases. None of them. What about the language of the statute, though, that it doesn't talk about error, it doesn't say that it's clerical error, the way you refer to it in your brief? I don't think it's limited to clerical error, to be clear. I think that the types of errors that we're talking about are non-subjective errors. And in German, they gave an example of what such a factual error would be. They said we're not going to, you know, fully explore factual errors, but the majority in German gave an example of a qualifying factual error. And it was, the example was, if you misclassified the debt as a business debt rather than a consumer debt, such that you just thought the statute didn't apply, that would be a qualifying factual error. And had, I think there could be many types of qualifying factual errors under the EFTA that would be similar. You think that the person's account is a business account, and you have a reasonable policy and procedure adapted not to make that mistake, but you nonetheless make it, that could be a qualifying factual error. But there is no support in German or any of the cases cited by Respondent for saying that you consider a bunch of factors and make a judgment call is the type of strictly linear and mechanical procedure that's covered. To allege a violation under 1693G, would you be relying on the same factual conduct of the invest, the same facts based on the investigation that were conducted for purposes of 1693F? To make, can I just clear my throat for one second? Apologies. To make out a claim under 1693G, you don't need to allege anything about an investigation. You need to allege that the transfer was actually unauthorized and that I wasn't reimbursed. But she was reimbursed, right? I mean, admittedly, it's troubling that she had to file a lawsuit to retain the money, but she was reimbursed. I guess I'm, you know, going back to the initial question that you were asking. So when you come to court, you have to have made out a claim at the time you come to court, and that entitles you to actual damages, which would include reimbursement, but which would also, under this Court's ruling in Casella, which addresses the same type of provision in the FCRA, include emotional distress. It would also include costs and attorney's fees. So when you come to court and you plausibly allege, as she did, that I'm a consumer, it was a personal account, money was withdrawn, it was an electronic funds transfer that, you know, the money left via ACH, I notified the bank I was not reimbursed. You have then made out your claim under 1693G. And if there's going to be a bona fide error with regard to that, it doesn't have anything to do with investigation, with subjective evaluation of evidence during investigation. It could potentially, it's not the case in front of us, have to do with the sorts of either clerical, mechanical, strictly linear procedures that result in a factual mistake, like we reimbursed the money to the wrong Ms. Newman. We had the wrong dates in your file for when this occurred. We thought this was a business account. But there's nothing in the case law or the statute that would support saying, well, we did a reasonable investigation, we got it wrong, and so you don't get your money back, which is ultimately what the, really the gist of what allowing errors and subjective evaluations to apply to G means. All right, thank you. You've got some rebuttal time, would you? Thank you. Good morning. The district court correctly dismissed Appellant's case on summary judgment after a very strenuous and thoughtful review of the record before it was submitted.  and to look at the case in detail based on EFTA's bona fide error defense. What we really need to focus on here is actually what the statute says. And the question put to this court by Appellant, which is whether the bona fide error defense applies to a claim under 1693G, which I will note was not an argument made below, is in fact answered by the statute itself. And the court need look no further. And I'll just note that Appellant's counsel actually doesn't characterize the statute the way it's written. It's worth summarizing the statute itself. 1693F addresses the obligation of the financial institution when there is a dispute. And it very clearly lays out that an investigation is to be conducted, and then it has certain remedial aspects, as well as provisions with respect to a provisional credit and the timing for conducting the investigation. 1693G, in turn, actually addresses the obligations of the consumer and essentially has a hierarchy in how much the consumer can recover by way of reimbursement in the event a transaction is proved to be unauthorized based on the timing of the claim. Then 1693M provides for a private cause of action for any violation of the statute and provides what that means, what you can recover. And that's all laid out in 1693MA, which is an overarching provision. Then what we're dealing with here is 1693MC, which excludes from liability even if there has been a violation of EFTA. Situations in which there is a bona fide error defense, and specifically that statute lays out that even if a financial institution has violated EFTA, it may not be held liable in any action brought under this section for a violation of this subject chapter if it shows by a preponderance of the evidence that the violation was unintentional, resulted from a bona fide error, and that's notwithstanding, and I'm sorry, and that there were reasonable procedures in place to try to avoid the type of error. So what Appellant is complaining about is actually addressed by the statute. Congress made a deliberate decision with respect to how to allocate liability for unauthorized transactions as between financial institutions and consumers. We may not always like how that turns out. I can tell you from a lot of practice in this area, there are aspects of EFTA that the financial institutions don't like. For example, negligence is not a defense to an EFTA claim. But this is a part that Congress addressed, which is bona fide error. And why did Congress provide that? Is that the investigation obligations under EFTA are quite rigorous. It takes an enormous amount of time and manpower with the procedures in place to investigate these claims, which are extremely complicated. And what this bona fide error defense acknowledges, just like in TILA, just like under the FDCPA, is that no matter how rigorous and how well-developed the bank's policies are in terms of conducting an investigation, as Chase proved here, sometimes they get it wrong. And what about this circumstance? The error that occurred here fits into that. Your adversary was describing the type of error that fits, as I think the language used, was a linear, factual, non-subjective type of error. How would you describe how the error here fits into that? Let me start by saying that there's no distinction that's subjective versus non-subjective. That's not how errors are described in the case law. They break down as follows. Errors of law, which this is not one, and errors of potentially clerical errors are factual errors. And we've briefed this extensively, and the amicus brief in support of our position also addresses this quite clearly, which is this is not a clerical error. This is an error of fact, of human judgment, exactly what the statute's intended to address. Bonafide means a good-faith error. That's human, and that's what this is. What happened here, and the record is extremely clear, and I would direct the Court to Mr. Kesterson's declaration, which is quite detailed and which I will make clear was never rebutted by appellant in the court below, explained. There were detailed procedures for the analyst or specialist to look at, and these include detailed job aids as to how this kind of an investigation should be conducted. The investigation was to determine whether a transaction was authorized or unauthorized. As Your Honors pointed out, there's no distinction between F and G in this respect. The investigation has one goal. So in this case, the appellant has not challenged the district court's factual findings as to whether what occurred during that investigation amounts to a bona fide error. It is troubling that the bank refused or basically gave the credit and then took it back upon receiving a simple, not an actual signature, but just some statement from aspiration that this transfer had been electronically authorized. But they chose to not challenge that. Would you agree that had they challenged the district court's finding of bona fide error that you would be in a very, that they would be in a different posture and so would your client in terms of whether she, the plaintiff had a claim or appellant had a claim for damages? I would not agree with that. The record is quite clear that this is exactly the situation that the statute is intended to address. And Mr. Kesterson's declaration is quite fulsome. And the court cites two sections of the declaration about the kind of investigation that was conducted. The error here was that rather than looking at multiple factors. Like the phone number doesn't match. Exactly, Your Honor. You know, it seems pretty, you know, I get that there's a factual finding and that hasn't been challenged, that that was bona fide error. But it is a little troubling that the money was taken and those additional steps of verifying the authorization was not done. Let me just correct the record. I mean, Your Honors have the record in front of you. First of all, it's not true that none of the money was returned before the lawsuit was filed. Well, some of the money was returned because of the statutory time limits and because aspiration returned some of it. Exactly. $22,000 was, in fact, returned. I'm talking about the $49,000 or $39,000. Well, it's the $49,000 minus $22,000. But, Your Honor, the record also shows that the evidence to show that there was, in fact, an error did not surface until after the lawsuit was filed because it wasn't until aspiration provided additional documentary evidence long after the investigation was conducted. But the failure to check the phone, that it's the wrong phone number. They should have done that. Right. Nobody disputes that. And Mr. Kestersen absolutely does not dispute that, and Chase does not dispute that. But this is exactly the type of human error that occurs notwithstanding very elaborate, reasonably adapted procedures that fall within the provisions of 1693 MC. It happens. This is why 1693 MC exists, which is sometimes humans get it wrong. And not very often, it does happen. There's still a reimbursement obligation that exists under state law, under the account agreement, under 1693 F, I want to say, 3. It's one of the numbers. But nobody disputes the reimbursement obligation. But Congress drafted this for this situation, which is there's a human error. They don't get it wrong very often. It happens. Congress struck that balance in how it drafted these provisions. And with that, I believe I'm out of time. But I'm happy to answer any other questions. I would just urge the Court to affirm the record here is unchallenged on the facts. The law is quite clear. The statute actually speaks to all of these questions. And to the extent the statute doesn't exactly speak to the question of, for example, the scope of the error, the case law speaks to it, including the German case, which I will say was not exactly as described by appellant. Footnote 12 in that case says it all, which is factual errors are part of the bona fide error defense in an FDCPA case, which is the direct analog to this case. Thank you for your attention. Thank you very much. In terms of whether appellant addressed these issues below, appellant certainly did. Appellant said whether Chase at some point believed the funds were not an error is irrelevant, quote, unquote, to their G claim. Chase is liable under both 1693G, which limits the consumer's liability, and 1693F, which requires Chase to conduct a reasonable investigation. So I don't think that's correct. To the point about reasonable investigations, you'll notice my adversary was not able to rebut the fact that for a 1693G analysis, Chase applied completely the wrong burden and came to the wrong assessment because it was applying the wrong burden. Specifically, as I mentioned before, the case notes, I think it's at 518 and 523, indicate that the evidence was mixed. But I also want to just more generally say that this case is a poster child for why this initial investigation that you have to do within 45 days, which is what 1693F requires and which doesn't require you to do any outside investigation of any third parties, is not sufficient to meet the promise of 1693G, which applies whether or not your transaction is subject to 1693F. So in this case, the phone number, that wasn't obtained in the first 45 days. And they didn't, it's undisputed, they don't have to obtain those outside materials in the first 45 days. And that's fine for what you require of a financial institution to conduct its investigation under F and avoid treble damages. But it is not consistent with the promise the statute provides that in no event will the consumer pay if the bank can't meet its burden in the action. I'm out of time unless the panel has questions. Thank you, counsel. Thank you. Thank you both. We will take the presenter's question.